UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC BOATMAN and CAROL JARVIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. |
| v. ) | |
| ) | Judge |
| ELIJAH MUHAMMAD, RAMON McCALPINE, ) | |
| OSHAY RIFE, HARVEY POLICE DETECTIVE ) | Magistrate Judge |
| A. MARINEZ (STAR NO. 1013), HARVEY ) | |
| POLICE DETECTIVE YORK (STAR NO. 1032), ) | |
| ROBERT WRIGHT, GREGORY THOMAS, ) | JURY TRIAL DEMANDED |
| HARVEY POLICE OFFICER WALLACE ) | |
| (STAR NO. 922), UNKNOWN OFFICERS OF ) | |
| THE HARVEY POLICE DEPARTMENT, and ) | |
| CITY OF HARVEY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiffs, ERIC BOATMAN and CAROL JARVIS, by and through their attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complaining against defendants ELIJAH MUHAMMAD, RAMON McCALPINE, OSHAY RIFE, HARVEY POLICE DETECTIVE A. MARINEZ (STAR NO. 1013), HARVEY POLICE DETECTIVE YORK (STAR NO. 1032), ROBERT WRIGHT, GREGORY THOMAS, HARVEY POLICE OFFICER WALLACE (STAR NO. 922), UNKNOWN OFFICERS OF THE HARVEY POLICE DEPARTMENT, and CITY OF HARVEY, ILLINOIS, state as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the

civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4. At all times herein mentioned, plaintiffs, ERIC BOATMAN (hereinafter "BOATMAN") and CAROL JARVIS (hereinafter "JARVIS"), were and are citizens of the United States and reside within the jurisdiction of the court.

5. At all times herein mentioned, defendants ELIJAH MUHAMMAD (hereinafter "MUHAMMAD"), RAMON McCALPINE (hereinafter "McCALPINE"), OSHAY RIFE (hereinafter "RIFE"), HARVEY POLICE DETECTIVE A. MARINEZ (STAR NO. 1013) (hereinafter "MARINEZ"), HARVEY POLICE DETECTIVE YORK (STAR NO. 1032) (hereinafter "YORK"), ROBERT WRIGHT (hereinafter "WRIGHT"), GREGORY THOMAS (hereinafter "THOMAS"), HARVEY POLICE OFFICER WALLACE (STAR NO. 922) (hereinafter "WALLACE"), and UNKNOWN OFFICERS OF THE HARVEY POLICE DEPARTMENT (hereinafter "UNKNOWN OFFICERS") were officers in the Harvey Police Department and were acting under color of state law and as the employees or agents of the CITY OF HARVEY, ILLINOIS. Said defendants are being sued in their individual capacity.

6. Defendant CITY OF HARVEY, ILLINOIS (hereinafter "CITY OF HARVEY") is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF HARVEY maintained, managed, and/or operated the Harvey Police Department.

## STATEMENT OF FACTS

7. At all times mentioned herein, plaintiffs, ERIC BOATMAN and his mother, CAROL JARVIS, lived at 15024 Western Avenue in Harvey, Illinois.

8. Plaintiff JARVIS owned the home at 15024 Western Avenue in Harvey, Illinois, and had lived in the house for 35 years on June 18, 2016.

9. On the morning of June 18, 2016, plaintiff BOATMAN was at home alone with the family dog, Samson, whom they had owned since he was puppy.

10. At approximately 10:00 a.m. on June 18, 2016, defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, and WALLACE arrived at 15024 Western Avenue in Harvey, Illinois, armed with assault-style weapons and other weapons.

11. Defendant officers claimed to have a search warrant to search plaintiff BOATMAN's brother, Joseph Boatman, and to search for cannabis on the premises.

12. Said search warrant was invalid on its face.

13. Defendant officers did not knock or announce their office when they arrived at plaintiffs' home.

14. Plaintiff BOATMAN realized the defendants were at the house because he could hear them approaching the door, near where he was sitting.

15. When plaintiff BOATMAN realized someone was near the door, he went to the door, while keeping one hand firmly on Samson's collar.

3

16. While plaintiff BOATMAN was speaking to defendant officers, including McCALPINE and MUHAMMAD at one door, he could hear additional defendant officers attempting to force entry through the other door to the house.

17. Plaintiff BOATMAN told defendant officers that they did not need to kick the front door in, and asked for permission to put a leash on Samson before allowing defendants to enter the home.

18. In response, an officer told plaintiff BOATMAN that they were going to shoot Samson, regardless of whether or not he was tied up.

19. Defendant officers then demanded that plaintiff BOATMAN release Samson and put his hands in the air. BOATMAN complied.

20. Defendants then forcefully entered the home, damaging doors.

21. As soon as defendants entered the home, an officer fired a shot at Samson, striking him and killing him.

22. Once inside the home, defendant officers grabbed plaintiff BOATMAN by the neck and forcefully slammed him down.

23. Defendant officers then searched the home, without plaintiffs' consent.

24. After an extended time of searching the home and not finding anything, defendant officers suddenly stated that they found a gun in the laundry room.

25. Plaintiff BOATMAN had no knowledge about an alleged gun in the laundry room.

26. Defendant officers remained in the home searching for several more hours.

27. Defendant officers never recovered any cannabis or any other contraband from the home.

28. Plaintiff BOATMAN was detained the entire time defendant officers were in the home.

29. Plaintiff BOATMAN was never allowed to go near Samson to comfort him as he bled to death on the floor of the family home.

30. During the detention, plaintiff JARVIS returned home, but was also not permitted to go near Samson.

31. Plaintiff BOATMAN was then arrested and charged with a weapons violation.

32. Defendants believed to be MUHAMMAD and McCALPINE forcibly took a buccal swab from plaintiff BOATMAN, without his consent, for a DNA sample.

33. Plaintiff was incarcerated for months for this charge and as a result of this charge.

34. Plaintiff BOATMAN was prosecuted on felony charges for almost two years.

35. Plaintiff BOATMAN was found not guilty after trial.

36. By reason of the acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

37. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

38. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs were required to retain an attorney to institute, prosecute, and render legal

assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiffs, BOATMAN and JARVIS, Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS for Unconstitutional Entry and Search of Home

39. Plaintiffs, BOATMAN and JARVIS, incorporate and reallege paragraphs 1-38, as though set forth herein in their entirety.

40. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS illegally entered plaintiffs' home at 15024 Western Avenue in Harvey, Illinois on June 18, 2016, without a valid warrant for the search of plaintiff BOATMAN, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

41. The warrant was invalid on its face.

42. Also, defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS knew that the warrant they had obtained was not validly obtained in that the alleged informant was not credible, the information obtained was not reliable, and incomplete and/or inaccurate information was presented to the judge signing the warrant in order to persuade the judge to sign the warrant.

**Direct liability and failure to intervene**

43. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are directly liable for their own actions in the illegal entry and search.

44. Also, they had reason to know that plaintiffs were subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

45. Defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

**Direct liability and supervisory liability**

46. Defendant THOMAS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home on June 18, 2016, with regard to the illegal entry and search and therefore is liable not only for his own actions, but also as a supervisor.

47. By reason of the conduct of defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS, plaintiffs, BOATMAN and JARVIS, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiffs, BOATMAN and JARVIS, Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS and UNKNOWN OFFICERS for Failing to Knock

48. Plaintiffs, BOATMAN and JARVIS, incorporate and reallege paragraphs 1-38, as though set forth herein in their entirety.

49. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS failed to knock and wait a reasonable amount of time for a response before they forced their way through the door and entered plaintiffs' home.

**Direct liability and failure to intervene**

50. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are directly liable for their own actions in failing to knock.

51. Also, they had reason to know that plaintiffs were subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

52. Defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

**Direct liability and supervisory liability**

53. Defendant THOMAS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home on June 18, 2016, with regard to failing to knock and therefore is liable not only for his own actions, but also as a supervisor.

54. By reason of the conduct of defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS, plaintiffs, BOATMAN and JARVIS, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III
**Plaintiffs, BOATMAN and JARVIS, Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS and UNKNOWN OFFICERS for Unconstitutional Execution of Search Warrant**

55. Plaintiffs, BOATMAN and JARVIS, incorporate and reallege paragraphs 1-38 as though set forth herein in their entirety.

56. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS illegally searched plaintiffs' home at 15024 Western Avenue in Harvey, Illinois on June 18, 2016, without a valid warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

57. The scope and the duration of the search, which lasted several hours, was excessive and unreasonable.

**Direct liability and failure to intervene**

58. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are directly liable for their own actions in the unreasonable scope and duration of the search.

9

59. Also, they had reason to know that plaintiffs were subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

60. Defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

### Direct liability and supervisory liability

61. Defendant THOMAS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home on June 18, 2016, with regard to the unreasonable scope and duration of the search and therefore is liable not only for his own actions, but also as a supervisor.

62. By reason of the conduct of defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS, plaintiffs, BOATMAN and JARVIS were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT IV
### Plaintiff BOATMAN Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS for False Arrest

63. Plaintiff BOATMAN incorporates and realleges paragraphs 1-38, as though set forth herein in their entirety.

64. The seizure, arrest, and incarceration of plaintiff BOATMAN for the purpose of charging him with false crimes was without probable cause and unreasonable.

**Direct liability and failure to intervene**

65. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are directly liable for their own actions in the false arrest of plaintiff BOATMAN.

66. Also, they had reason to know that plaintiff was subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

67. Defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

**Direct liability and supervisory liability**

68. Defendant THOMAS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home on June 18, 2016, with regard to the false arrest of plaintiff and therefore is liable not only for his own actions, but also as a supervisor.

69. By reason of the conduct of defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS, plaintiff BOATMAN was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff BOATMAN Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, UNKNOWN OFFICERS, and CITY OF HARVEY for Unconstitutional Post-Bonding Hearing Incarceration and Prosecution

70. Plaintiff BOATMAN incorporates and realleges paragraphs 1-38, as though set forth herein in their entirety.

71. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS maliciously caused criminal charges to be filed against plaintiff BOATMAN without probable cause.

72. Plaintiff BOATMAN was wrongfully incarcerated and wrongfully prosecuted, until the charges were finally dismissed.

73. Plaintiff BOATMAN was wrongfully incarcerated for several months, and was injured emotionally and otherwise from the loss of certain liberty and related rights.

**Direct liability and failure to intervene**

74. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are directly liable for their own actions in the unconstitutional post-bond hearing incarceration and prosecution of plaintiff BOATMAN.

75. Also, they had reason to know that plaintiff was subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

76. Defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

**Direct liability and supervisory liability**

77. Defendant THOMAS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct with regard to the wrongful incarceration and prosecution of plaintiff and therefore is liable not only for his own actions, but also as a supervisor.

78. By reason of the conduct of defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS, plaintiff BOATMAN was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT VI
**Plaintiff BOATMAN Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, UNKNOWN OFFICERS, and CITY OF HARVEY for Malicious Prosecution**

79. Plaintiff BOATMAN incorporates and realleges paragraphs 1-38, as though set forth herein in their entirety.

80. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS maliciously caused criminal charges to be filed against plaintiff BOATMAN without probable cause.

81. The criminal proceedings were commenced and continued maliciously.

82. Plaintiff BOATMAN was wrongfully incarcerated and wrongfully prosecuted, until the charges were finally dismissed.

83. Plaintiff BOATMAN was wrongfully incarcerated for several months, and was injured emotionally and otherwise from the loss of certain liberty and related rights.

84. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are therefore liable to plaintiff BOATMAN under Illinois law for the status supplemental claim of malicious prosecution.

85. Defendant CITY OF HARVEY is liable pursuant to the doctrine of *respondeat superior* for the wrongful acts of its employees, defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS.

## COUNT VII
**Plaintiff BOATMAN Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS for Excessive Force**

86. Plaintiff BOATMAN incorporates and realleges paragraphs 1-38, as though set forth herein in their entirety.

87. The force used by defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS in confronting plaintiff BOATMAN with assault-type weapons, slamming him down when they arrested him, forcibly taking a buccal swab from plaintiff BOATMAN, and so forth, was excessive, unnecessary, unreasonable, and without legal cause.

**Direct liability and failure to intervene**

88. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are directly liable for their own actions in using excessive force against plaintiff BOATMAN.

89. Also, they had reason to know that plaintiff was subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

90. Defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

### Direct liability and supervisory liability

91. Defendant THOMAS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home on June 18, 2016, with regard to the use of excessive force on plaintiff and therefore is liable not only for his own actions, but also as a supervisor.

92. By reason of the conduct of defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS, plaintiff BOATMAN was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT VIII
**Plaintiffs, BOATMAN and JARVIS, Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS for Illegal Seizure of Property**

93. Plaintiffs, BOATMAN and JARVIS, incorporate and reallege paragraphs 1-38, as though set forth herein in their entirety.

94. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS illegally seized plaintiffs' property

without probable cause when they shot and killed the family dog, Samson, even though Samson was not a threat to them.

### Direct liability and failure to intervene

95. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are directly liable for their own actions in illegally seizing and killing the family dog.

96. Also, they had reason to know that plaintiffs were subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

97. Defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

### Direct liability and supervisory liability

98. Defendant THOMAS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home on June 18, 2016, with regard to the illegal seizure and killing of the family dog and therefore is liable not only for his own actions, but also as a supervisor.

99. By reason of the conduct of defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS, plaintiffs BOATMAN and JARVIS were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT IX
### Plaintiffs BOATMAN and JARVIS Against Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS for Due Process Violation

100. Plaintiffs, BOATMAN and JARVIS, incorporate and reallege paragraphs 1-38, as though set forth herein in their entirety.

101. When defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS shot and killed the family dog, Samson, even though Samson was not a threat to them, they deprived plaintiffs of their right to due process.

**Direct liability and failure to intervene**

102. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS are directly liable for their own actions in denying plaintiffs' right to due process.

103. Also, they had reason to know that plaintiffs were subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

104. Defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

**Direct liability and supervisory liability**

105. Defendant THOMAS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home on June 18, 2016, with regard to the denial of plaintiffs' right to due process and therefore is liable not only for his own actions, but also as a supervisor.

106. By reason of the conduct of defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS, plaintiffs BOATMAN and JARVIS were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT X
**Plaintiffs BOATMAN and JARVIS Against Defendant CITY OF HARVEY for Indemnification (735 ILCS 10/9-102)**

107. Plaintiffs, BOATMAN and JARVIS, incorporate and reallege paragraphs 1-38, as though set forth herein in their entirety.

108. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

109. Defendants MUHAMMAD, McCALPINE, RIFE, MARINEZ, YORK, WRIGHT, THOMAS, WALLACE, and UNKNOWN OFFICERS were employees of the CITY OF HARVEY and acted within the scope of their employment in committing the misconduct described herein.

110. Defendant CITY OF HARVEY is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs ERIC BOATMAN and CAROL JARVIS request judgment as follows against defendants ELIJAH MUHAMMAD, RAMON McCALPINE, OSHAY RIFE, HARVEY POLICE DETECTIVE A. MARINEZ (STAR NO. 1013), HARVEY POLICE DETECTIVE YORK (STAR NO. 1032), ROBERT WRIGHT, GREGORY THOMAS, HARVEY POLICE OFFICER WALLACE (STAR NO. 922), UNKNOWN OFFICERS OF THE

HARVEY POLICE DEPARTMENT, and CITY OF HARVEY, ILLINOIS in the claims set forth above, and specifically:

    A.    That defendants be required to plaintiffs general damages, including those for emotional distress, in a sum to be ascertained at a trial of this matter;

    B.    That defendants be required to pay plaintiffs special damages, in a sum to be ascertained at a trial of this matter;

    C.    That defendants, except CITY OF HARVEY, be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter;

    D.    That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision;

    E.    That defendants be required to pay plaintiffs' costs of the suit herein incurred; and

    F.    That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby request a TRIAL BY JURY.**

Dated: June 18, 2018                                        /s/   Irene K. Dymkar
                                                                           Irene K. Dymkar

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiffs
53 West Jackson, Suite 733
Chicago, IL 60604-3462
(312) 345-0123