UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ERIC BOATMAN and CAROL JARVIS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) Case No. 18 C 4237 |
| v. | ) |
| | ) Judge Steven C. Seeger |
| **ELIJAH MUHAMMAD, RAMON McCALPINE, OSHAY RIFE, HARVEY POLICE DETECTIVE A. MARINEZ (STAR NO. 1013), HARVEY POLICE DETECTIVE YORK (STAR NO. 1032), ROBERT WRIGHT, GREGORY THOMAS, HARVEY POLICE OFFICER WALLACE (STAR NO. 922), UNKNOWN OFFICERS OF THE HARVEY POLICE DEPARTMENT, and CITY OF HARVEY, ILLINOIS,** | ) ) ) ) ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

**LOCAL RULE 54.3(e) JOINT STATEMENT WITH RESPECT TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs, ERIC BOATMAN and CAROL JARVIS, and defendants, ELIJAH MUHAMMAD, RAMON MCCALPINE, OSHAY RIFE, A. MARINEZ, JEFFREY YORK, JR., ROBERT WRIGHT, GREGORY THOMAS, ANDREW WALLACE, and CITY OF HARVEY, ILLINOIS, (collectively the "defendants") submit the following joint statement pursuant to Local Rule 54.3(e) with respect to plaintiffs' petition for attorneys' fees:

1. Plaintiffs claim a lodestar of $466,832.50 for attorneys' fees through October 10, 2022, only, calculated as follows from documentation provided to defendants:

| Attorney | Rate | No. of Hours | Lodestar |
|---|---|---|---|
| Irene K. Dymkar | $525/hour | 527.0 | $276,675.00 |
| Shamoyita M. DasGupta | $325/hour | 585.1 | $190,157.50 |
| | | TOTAL | $466,832.50 |

2. The position of defendants is that the lodestar is $137,599.90, and that attorneys' fees should be calculated as follows:

| Attorney | Rate | No. of Hours | Subtotal | Lodestar |
|---|---|---|---|---|
| Irene K. Dymkar | $495/hour | 332.2 | $164,439.00 | $82,219.50 |
| Shamoyita M. DasGupta | $325/hour | 340.8 | $110,760.00 | $55,380.00 |
| | | TOTAL | | $137,599.50 |

3. The specific disputes remaining between the parties are the following:

For plaintiffs:

    a. Whether the presumption of the lodestar has been overcome by defendants.

    b. Whether defendants should be allowed to assert objections to any line items in plaintiffs' billing, when they have not disclosed any specific objection to any specific line item, as required by Local Rule 54.3(d)(5) ("the parties shall specifically identify all hours,[and] billing rates that will or will not be objected to") (which defendants dispute and which objections have been previously provided to Plaintiffs and are delineated below).

    c. Whether defendants' lack of willingness to engage in settlement negotiations, (which defendants dispute), is an important factor for the Court to consider when evaluating the fees petition.

    d. Whether the market rate for plaintiffs' attorneys' services should be determined using some or all of the following factors:

      i.      The 45 years of litigation experience for Irene K. Dymkar and 6 years of litigation experience for Shamoyita M. DasGupta in civil rights and related areas of law.

      ii.      Previous court awards to plaintiffs' attorneys for fees in other civil rights cases.

      iii.      Previous court awards to other plaintiffs' attorneys for fees in other civil rights cases, for similar work, skills, and experience.

      iv.      Case law regarding calculation of the market rate.

      v.      Affidavits of other established and successful plaintiffs' civil rights attorneys attesting to the reasonableness of plaintiffs' requested rates.

      vi.      The Laffey Matrix.

For defendants:

a. Whether plaintiffs may recover attorneys' fees for non-legal work performed by attorneys.

b. Whether plaintiffs may recover attorneys' fees for excessive communications between plaintiffs' attorneys.

c. Whether plaintiffs may recover attorneys' fees for unreasonable or excessive amounts of time spent on certain legal tasks.

d. Whether plaintiffs may recover attorneys' fees for unspecified tasks.

e. Whether plaintiffs may recover attorneys' fees where two attorneys performed the same work that could be completed by a single attorney.

f. Whether plaintiff Carol Jarvis's petition for attorneys' fees should be denied entirely or whether plaintiff Carol Jarvis should be awarded attorneys' fees in an amount commensurate with her success at trial.

4. This petition for fees and expenses is brought pursuant to 42 U.S.C. § 1988, based on a judgment entered following a damages trial in this matter. No motion for a new trial nor motion for judgment as a matter of law was brought by defendants, and the time for filing said motions has expired. A notice of appeal was filed by defendants on August 12, 2022 (Doc. 209);

however, plaintiffs claim it was untimely and that the Seventh Circuit has no jurisdiction to hear the appeal (Doc. 221), while defendants claim that the filing of the notice of appeal was timely (Doc. 229). Plaintiffs' motion to dismiss the appeal is pending before the Court.

Dated: October 12, 2022

  /s/   Irene K. Dymkar                    /s/   Kathleen Kunkle
      Irene K. Dymkar                              Kathleen Kunkle

Attorneys for Plaintiffs:
Irene K. Dymkar
Shamoyita M. DasGupta
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123

Attorney for Defendants:
Kathleen Kunkle
Ancel Glink P.C.
140 S. Dearborn, Sixth Floor
Chicago, IL 60603
(312) 604-9123